UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCUSOFT CORPORATION,

    Plaintiff,

v.                                                   CASE NO.: 8:10-cv-1617-T-23AEP

NORTHRUP GRUMMAN SYSTEMS
CORPORATION,

    Defendant.

_____/

**ORDER**

The plaintiff sues (Doc. 1) for breach of a software license, copyright infringement, "reverse passing off," and a violation of the Florida Deceptive and Unfair Trade Practices Act, Section 501.201, Florida Statutes. On September 16, 2010, the plaintiff moved (Doc. 6) to transfer this action to the Honorable James D. Whittemore, who declined in accord with Local Rule 1.04 to accept transfer. The defendant moves (Doc. 10) to dismiss for improper venue or to transfer this case to the District of Massachusetts. The plaintiff responds (Doc. 11) in opposition, and the defendant replies (Doc. 17) in support of the motion.

Background

In 2003 and 2004, a corporation known as Integic downloaded and licensed software ("ImageGear" and "ImageTransport") from Accusoft Corporation, a Delaware Corporation with a principal place of business in Northborough, Massachusetts. Integic created an "electronic health records paperless medical information system" known as

the "Armed Forces Health Longitudinal Technology Application" for the U.S. Department of Defense, which system facilitates electronic record keeping at more than a hundred military treatment facilities, including fourteen in Florida. Integic incorporated as a component of the system the software that Integic had licensed from Accusoft Corporation.

Northrop Grumman Information Technology ("NGIT") acquired Integic in 2005. NGIT merged in 2009 with the defendant, Northrup Grumman Systems Corporation, a Delaware corporation with a principal place of business in Los Angeles, California. In December, 2008, PIC Acquisition II, Inc. ("PIC"), a Florida corporation, acquired the assets of Accusoft Corporation, obtained Accusoft Corporation's software, and adopted the name of Accusoft Corporation. In this action, Accusoft Corporation sues the defendant for breach of the license obtained by Integic for the ImageGear and ImageTransport software and alleges that Integic, NGIT, and the defendant used the software "in a manner that exceeded the scope of the [l]icenses."

Each license contains a forum selection clause that states, in relevant part:

> The laws of the Commonwealth of Massachusetts shall govern this agreement . . . Any action or proceeding brought by either party against the other arising out of, or related to, this Agreement shall be brought only in a state or federal court of competent jurisdiction located in the Commonwealth of Massachusetts and the parties hereby consent to the personal jurisdiction of said courts.

(Docs. 1-1, 1-2). The license states also that "[t]his agreement is not transferable or assignable . . . under any circumstances, without the prior written consent of Accusoft."

In moving to dismiss or to transfer venue, the defendant argues (1) that a reasonable forum selection clause, such as that contained in the license, warrants

- 2 -

enforcement because the chosen forum neither causes unfair inconvenience nor implicates an interest of justice and (2) that each license must receive an interpretation in accord with Massachusetts law, with which a Massachusetts court is likely most familiar.  The plaintiff responds (1) that, because the defendant is not a party to the license, the defendant cannot enforce the license's forum selection clause; (2) that, because the plaintiff drafted the forum selection clause for the benefit of the plaintiff only, the plaintiff may waive the chosen forum; (3) that enforcement of the forum selection clause would frustrate the purpose of the license; (4) that venue is proper in the Middle District of Florida; and (5) that the plaintiff's choice of forum merits deference.  In reply, the defendant argues (1) that the plaintiff "cannot assert a contract claim against a defendant and at the same time insist that the defendant has no right to rely on the same contract's forum selection clause"; (2) that, under Massachusetts law, a merger is not an assignment and "'does not give rise to a claim that a contract with a party to the merger is no longer in effect on the ground of nonassignability'"; and (3) that the plaintiff cannot unilaterally waive the forum selection clause.

### Discussion

Under 28 U.S.C. § 1404(a), an action is susceptible to transfer to another district or division in which the plaintiff could have filed the action "[f]or the convenience of parties and witnesses, in the interest of justice."  A decision to transfer under Section 1404(a) depends upon "'the convenience of parties and witnesses' and 'the interest of justice,' with a choice of forum clause 'a significant factor that figures centrally in the . . . calculus.'"  P & S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th

Cir. 2003) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)); Contraves Inc. v. McDonnell Douglas Corp., 889 F. Supp. 470 (M.D. Fla. 1995). Generally, the plaintiff's choice of forum receives deference and the party moving for a change in venue bears the burden of establishing the greater convenience of another forum. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). However, in moving to enforce a contract containing a "valid, reasonable choice of forum provision," the burden of persuasion shifts, because "the movant is trying to enforce the forum that the plaintiff ha[s] already chosen . . . ." Therefore, deference is unwarranted and the non-movant "has the burden of proving that the clause is either 'invalid' or 'unreasonable.'" Contraves, 889 F. Supp. at 472; Ricoh, 870 F.2d at 573 (explaining that "deference to the filing forum would only encourage parties to violate their contractual obligations . . . ."). A forum selection clause is valid "absent fraud, undue duress, frustration of purpose, or some other common law doctrine that allows avoidance of an agreement." 889 F. Supp. at 472. Accordingly, a valid forum selection clause must receive controlling weight "in all but the most exceptional cases." 889 F. Supp. at 473.

In this instance, the plaintiff cannot sue for breach of the license and simultaneously avoid the forum selection clause by arguing that the defendant is not a party to the license.[1] Neither may the plaintiff unilaterally waive the forum selection

---

[1] "Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." Blinco v. Green Tree Servicing LLC, 400 F.3d 1308, 1312 (11th Cir. 2005); Exter Shipping Ltd. v. Kilakos, 310 F. Supp. 2d 1301, 1309 (N.D. Ga. 2004) (finding that "A plaintiff cannot use a business relationship to establish jurisdiction or liability and then deny that same relationship to prevent the applicability of a forum selection clause."); see also Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1299 (11th Cir. 1998) (finding that a "'range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.'") (quoting Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 514 n.5 (9th Cir. 1988)).

- 4 -

clause by asserting that, as the author of the license, the plaintiff intended the clause for the plaintiff's benefit only. Permitting a party to unilaterally waive a forum selection clause would encourage (just as deference to the filing forum would encourage) a party "to ignore [a] contractual obligation[] and create uncertainty that may impede the flow of commercial transactions." Contraves, 889 F. Supp. at 473. The plaintiff may, however, challenge the validity of the clause by arguing that an intervening, unforeseeable event frustrates the purpose of the license.[2] In this instance, the plaintiff asserts that the forum selection clause established venue in the licensor's principal location, which before the PIC acquisition was Massachusetts, and that this purpose "would be substantially frustrated by setting venue in a location where no one is principally located." A change in principal location, however, amounts to a reasonably foreseeable, intervening event that a sophisticated commercial entity (such as Accusoft Corporation) could have anticipated in the terms of the license.

## Conclusion

Because the plaintiff fails to show the invalidity of the forum selection clause and because the chosen forum neither causes unfair inconvenience nor implicates an interest of justice, the forum selection clause controls. Accordingly, the defendant's motion (Doc. 10) is **GRANTED**, and this action is **TRANSFERRED** to the United States

---

[2] See Ricoh, 870 F.2d at 574. "[T]he doctrine of commercial frustration is predicated upon the premise of giving relief in a situation where the parties could not provide themselves by the terms of the contract against the happening of subsequent events, but it does not apply where the intervening event was reasonably foreseeable and could and should have been controlled by provisions of such contract." Hilton Oil Transport v. Oil Transport Co., S.A., 659 So.2d 1141, 1147 (Fla. 3rd DCA 1995).

District Court for the District of Massachusetts.  The Clerk is directed to transfer this action and close this case.

    ORDERED in Tampa, Florida, on November 17, 2010.

                                                */s/ Steven D. Merryday*
                                               STEVEN D. MERRYDAY
                                             UNITED STATES DISTRICT JUDGE